# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

LARRY ISAACSON,                              )          No.  EDCV 08-1437 AGR
                Plaintiff,          )
                        )          MEMORANDUM OPINION AND ORDER
      v.                                   )
                        )
MICHAEL J. ASTRUE,                           )
Commissioner of Social Security,             )
                Defendant.         )
_____)

Plaintiff Larry Isaacson ("Isaacson") filed a Complaint on October 24, 2008.
Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate
Judge Rosenberg on November 13 and 25, 2008.  (Dkt. Nos. 8-9.)  The parties filed a
Joint Stipulation ("JS") on July 7, 2009, that addressed the disputed issues in the case.
The Commissioner filed the certified administrative record ("AR").  The Court has taken
the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court affirms the Commissioner's decision.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On September 30, 2005, Isaacson filed applications for disability insurance benefits and supplemental security income benefits, alleging a disability onset date of December 1, 2003.  AR 14.  The applications were denied initially and upon reconsideration.  AR 31-32.  On February 5, 2008, the Administrative Law Judge ("ALJ") conducted a hearing at which Isaacson and a vocational expert testified.  AR 498-522*.* On April 25, 2008, the ALJ issued a decision denying benefits.  AR 11-23.  Isaacson filed a request for review of the ALJ's decision.  AR 10.  On August 20, 2008, the Appeals Council denied the request for review.  AR 5-7.  This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

///

///

///

### III.

### EVALUATION OF DISABILITY

#### A.   Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

#### B.   The ALJ's Findings

The ALJ found that Isaacson met the insured status requirements through December 31, 2006.  AR 16.

Following the five step sequential evaluation process for determining disability, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006), the ALJ found that Isaacson has the following severe impairments:  depressive disorder, NOS; and pedophilia.  AR 16.  Isaacson "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  he is limited to simple, repetitive tasks with minimal social contact."  AR 18.  He is unable to perform his past relevant work.  AR 21.  However, "there are jobs that exist in significant numbers in the national economy that the claimant can perform," such as linen room attendant, janitor/office cleaner, and assembler.  AR 21-22.

#### C.   State Agency Psychiatrist's Opinion

Isaacson contends that the ALJ erred in failing to mention the moderate limitations found by a state agency psychiatrist, Dr. Mallare.[1]  JS 3.

---

[1]  Isaacson refers to the state agency psychiatrist as Dr. Wallace or Dr. Paxton.  Neither name appears in the record.  Isaacson cites Exhibit 5F, which is Dr. Mallare's opinion.

1        An ALJ "must explain in the decision the weight given to the opinions of a State

2   agency medical or psychological consultant."  20 C.F.R. §§ 404.1527(f)(2)(ii),

3   416.927(f)(2)(ii).  Dr. Mallare found that Isaacson "has adequate memory,

4   understanding & concentration to perform simple repetitive tasks with minimal social

5   contact."  AR 171, 187.  The ALJ expressly stated that she gave great weight to the

6   state agency psychiatrists, including Dr. Mallare, "because their opinions were

7   consistent with the greater objective record, particularly regarding their finding that the

8   claimant has adequate memory, understanding and concentration to perform simple,

9   repetitive tasks with minimal social contact."  AR 21.  The ALJ's residual functional

10  capacity ("RFC") assessment is consistent with Dr. Mallare's opinion.  AR 18, 171, 187.

11       Isaacson argues that Dr. Mallare found moderate limitation in his ability to

12  understand and remember detailed instructions, carry out detailed instructions, maintain

13  attention and concentration for extended periods, perform activities within a schedule,

14  maintain regular attendance and be punctual within customary tolerances, work in

15  coordination with or proximity to others without being distracted, complete a normal

16  workday and workweek without interruptions from psychologically based symptoms,

17  interact appropriately with the general public, accept instructions and respond

18  appropriately to criticism from supervisors, and set realistic goals or make plans

19  independently of others.  JS 3-4; AR 169-70.

20       However, Isaacson does not point out any specific inconsistency between Dr.

21  Mallare's RFC assessment and the moderate limitations.  The clear import of Dr.

22  Mallare's opinion is that a restriction to simple repetitive tasks with minimal social

23  contact would adequately take into account Isaacson's moderate limitations.[2]

24  Isaacson's argument that the ALJ ignored Dr. Mallare's moderate limitations is also

25

26        [2]  The examining psychologist similarly found that Isaacson's ability to understand,

27  carry out and remember simple instructions is not impaired.  AR 167.  The examining
psychologist also found moderate limitation in Isaacson's ability to respond appropriately

28  to coworkers, supervisors and the public.  *Id.*

unsupported.  The ALJ expressly found that Isaacson had moderate limitations in social functioning and concentration, persistence or pace.  AR 17.  The ALJ did not err.

### D.    <u>Lay Witness Statements</u>

When an ALJ discounts a lay witness' testimony, the ALJ must give "'reasons that are germane to each witness.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

The ALJ gave less weight to the uncle's statements about Isaacson's visual and mental impairments because they were inconsistent with the objective record.  AR 21.  Objective medical evidence provides a valid basis for discounting lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  Isaacson does not dispute the ALJ's finding that the uncle's testimony about a visual impairment is uncorroborated by any objective evidence in the record.  JS 8; AR 21, 130.  Moreover, any error would be harmless because "no reasonable ALJ, when fully crediting the [uncle's statements], could have reached a different disability determination."  *Stout v. Commissioner,* 454 F.3d 1050, 1056 (9th Cir. 2006).  The uncle explained that he lives in Florida and therefore spends no time with Isaacson.  AR 127.  The uncle stated Isaacson has "very limited" social skills and does not communicate well with others.  AR 131.  Isaacson's mental impairment affects his concentration, understanding, ability to follow instructions and ability to get along with others.  AR 132.  On the other hand, Isaacson's ability to follow spoken instructions is "fair."  *Id.*  Isaacson does not handle stress or changes in routine well.  AR 133.  The uncle's statements are not inconsistent with the ALJ's finding of moderate limitations and RFC assessment.

Isaacson also argues that the ALJ erred in ignoring Dr. Fishback's lay witness statement.  Dr. Fishback states that he has a Ph.D. and was Isaacson's case manager in state prison.  AR 94, 101.  The ALJ considered Dr. Fishback's treating records in Exhibit 8F.  AR 19-20.  Isaacson points out that Dr. Fishback filled out a third party function report.  JS7-8; AR 94-101.  Even treating Dr. Fishback as a lay witness, any error would be harmless.  Dr. Fishback did not find any effect on Isaacson's memory,

1  concentration, understanding, or ability to complete tasks, follow instructions and get

2  along with others.  AR 99-100.  Dr. Fishback noted that Isaacson does not handle

3  stress or changes in routine very well.  AR 100.  Because Dr. Fishback found fewer

4  limitations than the ALJ or Dr. Mallare, "no reasonable ALJ, when fully crediting [Dr.

5  Fishback's statements], could have reached a different disability determination."[3]  *Stout,*

6  454 F.3d at 1056.  The ALJ gave greater weight to the state prison's medical source

7  statement in May 2005 (the same month as Dr. Fishback's statement) that Isaacson

8  had a good ability to understand and remember short and simple instructions, and carry

9  out instructions.  AR 19-20, 151-52.  Isaacson also had fair ability to understand and

10  remember detailed instructions, concentrate, work without supervision, adapt to

11  changes in the workplace, and use public transportation.  AR 151-52.  Isaacson had a

12  poor ability to interact with coworkers and supervisors, which the ALJ considered in

13  limiting Isaacson to jobs with minimal social contact.  AR 19-20, 152.

14  ## C.    **Treating Physician's Opinion**

15       Isaacson cites a conclusory statement by a social worker, Ms. Gibbs, who

16  assessed a Global Assessment of Functioning ("GAF") score of 50 on July 15, 2003. JS

17  11; AR 247.  Isaacson argues that the ALJ did not address the social worker's opinion,

18  although Isaacson concedes that a social worker is not an acceptable medical source.

19  JS 11-12.

20       A social worker is not an acceptable source of medical evidence of an

21  impairment.  20 C.F.R. §§ 404.1513(a), (d), 416.913(a)(d).  Such evidence may be used

22  "to show the severity of your impairment(s) and how it affects your ability to work."  20

23

24       [3]    Isaacson points out that Dr. Fishback diagnosed paranoid schizophrenia and

25  depressive disorder NOS with delusional and depressive symptoms. JS 8; AR 101.  A

26  diagnosis is insufficient absent Dr. Fishback's identification of limitations on ability to work.

     "[T]he mere existence of an impairment is insufficient proof of a disability."  *Matthews v.*

27  *Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).  A claimant must show that he is precluded from

     engaging in substantial gainful activity by reason of his impairments.  *Id.* (citing 42 U.S.C.

28  § 423(d)(1)(A)).

C.F.R. § 404.1513(d)-(e).  An ALJ may properly discount such testimony without satisfying the legal standards applicable to a treating physician.  *Bunnell v. Sullivan*, 912 F.2d 1149, 1152 (9th Cir. 1990) ("there is no requirement that the Secretary accept or specifically refute such evidence"), *rev'd on other grounds*, 947 F.2d 341, 348 (9th Cir. 1991).

     Although the ALJ did not discuss the social worker's assessment, the ALJ reviewed the opinions from Isaacson's physicians, including their GAF scores, while in state prison.  AR 20.  The ALJ noted that after incarceration in May 2003, Isaacson reported feeling at risk of harm from other inmates due to his offense.[4]  AR 20, 213, 369, 382.  Upon release on parole, the ALJ noted that a psychologist assessed Isaacson with a GAF of 65.[5]  AR 20, 214.  The psychologist found no serious impairment, memory or motor problems.  Isaacson was oriented with an appropriate affect.  AR 214.

     Moreover, the ALJ did not err in not discussing the social worker's GAF score of 50.  A GAF is not determinative of mental disability for social security purposes.  *See* 65 Fed. Reg. 50746, 50764-50765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings.").  A failure to reference a GAF score, standing alone, does not undermine the ALJ's findings.  *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (rejecting argument that ALJ erred in failing to mention GAF score).[6]  The ALJ did not err.

---

[4]  In April 2004, Isaacson reported having serious problems with his cellmate until he found a new one in May 2004.  AR 337-46.

[5]  A GAF of 65 indicates mild symptoms. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders*, 34 (4th ed. 2000).

[6]  *See also McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. 2008).

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 2, 2009

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE